[28 NYS3d 98]

In the Matter of V. ANTHONY MAGGIPINTO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 23, 2016

---

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*John L. Juliano*, East Northport, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In an opinion dated December 10, 2014, this Court sustained four charges of professional misconduct and found that the respondent converted funds entrusted to him as a fiduciary, failed to account for money entrusted to him as a fiduciary, and engaged in conduct involving fraud, deceit, dishonesty, and misrepresentation, which adversely reflected on his fitness as a lawyer (*see Matter of Maggipinto*, 125 AD3d 31 [2014]). Specifically, this Court found that the respondent took "advantage of his longtime relationship of trust with Kathryn Cerullo to unjustly enrich himself from the funds she entrusted to him, as a fiduciary, without her knowledge or consent" (*id.* at 39). Based upon a finding that the respondent willfully misappropriated Kathryn Cerullo's money in the practice of law, this Court, on its own motion, directed the respondent to make monetary restitution to Kathryn Cerullo, or her estate, if she died prior to the completion of restitution, pursuant to Judiciary Law § 90 (6-a) (a) (*see id.* at 42). In accordance with Judiciary Law § 90 (6-a) (f), a hearing was directed to afford the respondent an opportunity to be heard in opposition thereto (*see id.* at 42). This Court also directed the Grievance Committee to serve a petition seeking to establish the specific amount of restitution owed by the respondent to Kathryn Cerullo, pursuant to Judiciary Law § 90 (6-a), and referred the issues

raised by the petition and answer to John P. Clarke, Esq., as Special Referee, to hear and report (*see id.* at 43).

The Grievance Committee for the Tenth Judicial District served the respondent with a petition, verified January 9, 2015, which alleged that the respondent misappropriated $77,508.47 from Kathryn Cerullo, and sought an order directing the respondent to make monetary restitution in that amount, pursuant to Judiciary Law § 90 (6-a). In an answer dated January 19, 2015, the respondent denied that he had misappropriated Kathryn Cerullo's funds, and asserted as an affirmative defense that he provided legal services to Kathryn Cerullo, as well as services as her attorney-in-fact under a power of attorney dated July 29, 2005, and as appointed trustee of the Cerullo Irrevocable Trust, for which services he charged a reasonable sum.

After a preliminary conference held on March 31, 2015, and a hearing held on August 4, 2015, the Special Referee filed a report in which he concluded that the respondent had a "full opportunity to justify these alleged fee payments but chose not to do so, offering specious arguments relative to the 'burden of proof' and the constitutional deprivations of this proceeding." Accordingly, the Special Referee determined that the amount of restitution to Kathryn Cerullo should be $77,508.47, the full amount of her money the respondent paid to himself. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent, by his attorney, opposes the motion to confirm the report of the Special Referee, and argues that the Grievance Committee failed to sustain its burden of proof to establish the unreasonableness of the professional fees the respondent charged Kathryn Cerullo.

At the restitution hearing, the respondent claimed that it was the petitioner's burden, in the first instance, to establish that his fees were unreasonable. This claim is based upon a view that the matter involved a fee dispute between an attorney and a former client, but fails to recognize that this Court has already determined that the respondent engaged in serious misconduct in his representation of Kathryn Cerullo, including the willful misappropriation of her funds (*see id.* at 40). While the respondent was afforded an opportunity to be heard, he did not submit evidence to mitigate the amount of restitution to be imposed. Accordingly, we find the Special Referee properly concluded that the respondent should make restitution in the amount of $77,508.47.

ENG, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, upon the finding of this Court that the respondent engaged in the willful misappropriation of Kathryn Cerullo's money in the practice of law, the respondent, V. Anthony Maggipinto, shall make monetary restitution to Kathryn Cerullo, or her estate if she dies prior to the completion of restitution, in the amount $77,508.47, pursuant to Judiciary Law § 90 (6-a); and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to Kathryn Cerullo, or her estate if she dies prior to the completion of restitution; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment, and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by the party to whom payments are due hereunder in the amount set forth herein, minus any amount reimbursed by the Lawyers' Fund for Client Protection or by the Lawyers' Fund for Client Protection when it has been subrogated to the rights of such party.